**FILED**
**Jan 22, 2020**
**11:09 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | | |
|---|---|---|
| **DANNY LARSEN,** | ) | **Docket No. 2015-02-0461** |
|      **Employee,** | ) | |
| **v.** | ) | |
| **WALKER TRUCK CONTRACTORS,** | ) | |
| **INC.,** | ) | **State File No. 30692-2017** |
|      **Employer,** | ) | |
| **And** | ) | |
| **ACCIDENT FUND GENERAL** | ) | |
| **INSURANCE COMPANY,** | ) | **Judge Lisa A. Lowe** |
|      **Carrier.** | ) | |

## COMPENSATION HEARING ORDER

This case came before the Court for a Compensation Hearing on January 21, 2020. Mr. Larsen suffered a work-related injury and reached a settlement on his original award. The issue currently before the Court is whether he is entitled to past temporary total disability (TTD) benefits from February 29, 2016, through April 25, 2016.[1] For the reasons below, the Court finds that Mr. Larsen failed to establish by a preponderance of the evidence entitlement to TTD benefits.

### History of Claim

Mr. Larsen injured his right hip while working for Walker Truck Contractors on February 25, 2015. He was treated and returned to work three days later. Mr. Larsen worked until he failed his required DOT physical. Walker terminated Mr. Larsen on February 15, 2016, due to lack of a DOT physical card. He then filed a Petition for Benefit Determination seeking additional treatment. At that time, Walker provided a panel of physicians, from which Mr. Larsen selected Dr. Paul Yau. Dr. Yau treated him and ultimately performed surgery.

---

[1] Mr. Larsen previously identified increased benefits as an issue. However, during his testimony he confirmed that he was only seeking 8.5 weeks of TTD benefits.

1

Walker paid TTD benefits from February 27 through March 31, 2015, and April 25, 2016, through maximum medical improvement on May 15, 2018. Dr. Yau assigned an impairment rating of 10%, and the parties settled Mr. Larsen's original award.

At the Compensation Hearing, Mr. Larsen asserted entitlement to an additional 8.5 weeks of TTD benefits for the time he waited to see Dr. Yau. Mr. Larsen did not introduce any medical records or medical opinions into evidence. He confirmed that he did not seek medical treatment before seeing Dr. Yau and that Dr. Yau never addressed his ability to work for the 8.5 weeks before the visit.

Walker countered that Mr. Larsen failed to establish entitlement to additional TTD benefits and moved the Court to grant an involuntary dismissal.

### Findings of Fact and Conclusions of Law

In nonjury cases, a motion for involuntary dismissal is permissible and governed by Rule 41.02(2). An involuntary dismissal is often referred to as a "directed verdict." In *Burchfield v. Renfree*, 2013 Tenn. App. LEXIS 685 (Tenn. Ct. App. Oct. 18, 2013), the Court of Appeals reiterated the principles regarding directed verdicts:

> The rule for determining a motion for directed verdict requires the trial judge and the appellate courts to look to all of the evidence, take the strongest, legitimate view of the evidence in favor of the opponent of the motion and allow all reasonable inferences from it in his favor. The court must disregard all countervailing evidence and if there is then any dispute as to any material, determinative evidence or any doubt as to the conclusions to be drawn from the whole evidence, the motion must be denied. The court may grant the motion only if, after assessing the evidence according to the foregoing standards, it determines that reasonable minds could not differ as to the conclusions to be drawn from the evidence.

*Id.* at *86-87 (internal citations omitted).

In this case, the Court doubts that reasonable minds would differ as to the conclusions to be drawn from the testimony and evidence. However, a motion for involuntary dismissal is rarely appropriate in a workers' compensation case, since a reversal of the trial court's ruling results in additional proceedings and undue delay. *See Cunningham v. Shelton Sec. Serv.*, 46 S.W.3d 131, 137-38 (Tenn. 2001). The trial court should instead hear the entire case and make appropriate findings of fact. *Id.* Thus, the Court denies the motion for involuntary dismissal and decides the case on the merits.

At a Compensation Hearing, Mr. Larsen must establish by a preponderance of the

2

evidence that he is entitled to the requested benefits. *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) (2019). To establish entitlement to TTD benefits, Mr. Larsen must prove: (1) a disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Shepherd v. Haren Const. Co., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016).

Mr. Larsen requested 8.5 weeks of past TTD benefits while waiting to see Dr. Yau. He testified he failed his physical but offered no testimony about his inability to perform any work during that 8.5-week period. Nor did he provide a medical opinion addressing his inability to work during that period.

After careful consideration, the Court holds that Mr. Larsen failed to establish, by a preponderance of the evidence, entitlement to an additional 8.5 weeks of temporary total disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Larsen's claim against Walker Truck Contractors and its insurance carrier for additional temporary disability benefits is dismissed with prejudice against refiling.

2. Walker Truck Contractors shall pay costs of $150.00 to the Court Clerk within five business days of this order becoming final.[2]

3. Absent an appeal, this order shall become final thirty days after issuance.

**ENTERED January 22, 2020.**

*Lisa A. Lowe*

**LISA A. LOWE, JUDGE**
**Court of Workers' Compensation Claims**

---

[2] The statistical data related to this case can be found in the previously filed SD-2. Since no additional benefits were ordered, neither party needs to file another SD-2.

3

**APPENDIX**

Technical record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request For Expedited Hearing
4. Employer's Response to Employee's Request for Expedited Hearing
5. Employer's First Requests for Admission to Employee
6. Motion to Allow Telephonic Appearance
7. Order Granting Employer's Motion to Allow Telephonic Appearance
8. Order Granting Employer's Motion to Allow Telephonic Testimony
9. Employer's Pre-Hearing Brief
10. Employer's Witness and Exhibit List
11. Employee's Response

Exhibits:

1. Employee's Response to Employer's Requests

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on January 22, 2020

| Name | Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Danny G. Larsen Employee's Attorney | X | | X | maymaysmom@yahoo.com 543 Brushy Valley Road Clinton, TN 37716 |
| Cole B. Stinson, Employer's Attorney | | | X | cole.stinson@accidentfund.com |

PENNY SHRUM, COURT CLERK
wc.courtclerk@tn.gov

4



## COMPENSATION HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

_____

**Employee**

v.

_____

**Employer**

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

Judge_____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### List of Parties

**Appellant (Requesting Party):**_____ At Hearing:☐Employer☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____. Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____At Hearing:☐Employer☐Employee

Appellee's Address: _____

Appellee's Phone: _____Email:_____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____ , certify that I have forwarded a true and exact copy of this Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___.

[Signature of appellant or attorney for appellant] _____

Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____          2. Address: _____

3. Telephone Number: _____          4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month       Telephone       $ _____ per month

Electricity      $ _____ per month       School Supplies $ _____ per month

Water            $ _____ per month       Clothing        $ _____ per month

Gas              $ _____ per month       Child Care      $ _____ per month

Transportation   $ _____ per month       Child Support   $ _____ per month

Car              $_____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile            $ _____      (FMV) _____

Checking/Savings Acct. $ _____

House                 $ _____      (FMV) _____

Other                 $ _____      Describe:_____

11. My debts are:

Amount Owed                    To Whom

_____            _____

_____            _____

_____            _____

_____            _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                    RDA 11082